# GENERAL SESSIONS.

## NEW YORK, OCTOBER, 1823.

*The People*
vs.  } MISDEMEANOR.
*P. F. I. Gautier.*

*Maxwell*, District Attorney, Counsel for the People.
*Price*, Counsel for the Prisoner.

Mr. Gautier was indicted under the act of the Assembly of the state of New York, passed the 15th day of April, 1817, entitled "an act to regulate sales by public auction," for selling goods at public auction, not having been appointed in pursuance of that or any other act of the assembly of this state. The words of the second section of the act are, "that the person administering the government of this state, by and with the advice and consent of the council of appointment, shall annually appoint so many persons, within this state, to be auctioneers, as they shall judge proper." The third section declares, "that if any person or persons, not appointed and authorized in the manner by this act directed, nor by or under the authority of the United States, shall sell, or attempt to sell any goods, wares, merchandize, or effects, whatever, by way of public auction or vendue, within this state, he shall be considered guilty of a misdemeanor, and shall, on conviction, be fined a sum not exceeding five hundred dollars, or imprisoned for a term not exceeding three months," &c.

N'W YORK,
Oct. 1823.

The People
v.
Gautier.

Price, counsel for the defendant, contended, that there could be no conviction under this statute, inasmuch as the constitution had abrogated it by changing the manner of appointment. An auctioneer could not now be appointed "by and with the advice and consent of the council of appointment, such a power not being in existence, having been abrogated by the constitution, and by "an act directing the mode of appointing certain officers," which defined the manner of appointing auctioneers, to wit, "that the person administering the government of this state shall nominate, and with the consent of the senate, appoint." It was entirely silent as to any penalties for selling goods at public auction, without such appointment. It was a *casus omissus*, not provided for by any law in the state. Every man who chose might sell at public auction without being amenable to the penalties of the act of the 15th of April, 1817, or any other act. It would be the duty of the legislature to pass an act upon this subject; but until that was done, there was no remedy.

The court was of the same opinion; and decided that the act of 1817 was inoperative, and abrogated by the new constitution; and the act of 1823 was silent as to any penalties for selling goods at public auction, and instructed the jury to acquit the defendant.

The jury returned a verdict of *not guilty*.